NOT DESIGNATED FOR PUBLICATION

No. 116,574

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUAN F. CANTU,
*Appellant*.


MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed November 17, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.


PER CURIAM: Juan Fernando Cantu appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Cantu's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed no response.

On May 13, 2015, Cantu pled no contest to one count of possession of methamphetamine with intent to distribute, one count of possession of cocaine, and one count of aggravated endangerment of a child. On June 29, 2015, the district court imposed a controlling sentence of 147 months' imprisonment but granted Cantu's motion for a dispositional departure to probation for 36 months.

1

At a hearing on December 14, 2015, Cantu admitted to violating his probation by being terminated from employment, by using alcohol, and by being discharged from the Courage to Change: Skills for Successful Living/Strategies for Success class. The district court ordered Cantu to serve six days in jail as a sanction and extended his probation for 36 months.

At a hearing on August 12, 2016, the court found Cantu violated his probation by being convicted of driving under the influence (DUI), a felony offense. According to the journal entry, the district court revoked Cantu's probation based on his commission of a new crime and ordered him to serve his underlying prison sentence. A transcript of the August 12, 2016 hearing is not included in the record. Cantu timely appealed.

On appeal, Cantu claims the district court "erred in revoking [his] probation when a jail sanction remained an available option." However, Cantu acknowledges that the district court may forgo sanctions when the defendant commits a new felony while serving a term of probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2016 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

K.S.A. 2016 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, pursuant to K.S.A. 2016 Supp. 22-3716(c)(8), the court may revoke probation without having previously imposed an intermediate sanction if the offender commits a new felony or misdemeanor while on probation.

Here, as Cantu acknowledges, the district court revoked his probation after finding that he committed a felony DUI while on probation. Based on this finding, the district court was not required to impose additional intermediate sanctions in this case. The district court's decision to revoke Cantu's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Thus, we conclude the district court did not abuse its discretion in revoking Cantu's probation and ordering him to serve his underlying prison sentence.

Affirmed.